Mary Jo O'Neill  AZ #005924
C. Emanuel Smith  MS #7473
Sandra J. Padegimas AZ #011652
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION, Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5061
sandra.padegimas@eeoc.gov

Attorneys for Plaintiff

FILED
U.S. DISTRICT COURT

2005 SEP 28  P 3: 55

DISTRICT OF UTAH

BY:_____
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STEVENS-HENAGER COLLEGE, INC.,<br><br>Defendant. | Judge Dale A. Kimball<br>DECK TYPE: Civil<br>DATE STAMP: 09/29/2005 @ 10:47:59<br>CASE NUMBER: 1:05CV00122  DAK<br><br>**COMPLAINT**<br><br>(Jury Demand) |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to correct unlawful employment practices on the basis of sex. The Commission alleges that Stevens-Henager College, Inc., paid its female Admissions Consultants, Rebecca Leigh DeHart, Jennifer Morris, Jana Miller, and Stacy Nelson, at wage rates which were less than the rates paid to its male employees performing

substantially equal work, and otherwise discriminates against those female employees because of their sex. The Commission also alleges that Stevens-Henager, Inc., discharged Jennifer Morris because of her sex, female.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d) ("EPA"), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) § 2000e-5(f)(1) and (3)("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Utah.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781,

and Public Law 98-532 (1984), 98 Stat. 2705, and by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, Defendant, Stevens-Henager College, Inc., (the "Employer"), has continuously been a Utah Corporation, doing business in the State of Utah and the Cities of Logan, Orem, Ogden, and Salt Lake City, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s) and, in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF TITLE VII CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Rebecca Leigh

DeHart and Jennifer Morris filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least December 9, 2002, Defendant Employer has engaged in unlawful employment practices at its Ogden, Utah site, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by discriminating against Rebecca Leigh DeHart, Jennifer Morris, Jana Miller, and Stacey Nelson with respect to their compensation as Admissions Consultants because of their sex, female, and by terminating Jennifer Morris because of her sex, female.

10. The effect of the practice complained of in paragraphs 9 above has been to deprive Rebecca Leigh DeHart, Jennifer Morris, Jana Miller, and Stacey Nelson of equal employment opportunities and otherwise adversely affect their status as an employee because of their sex, female.

11. The unlawful employment practice complained of in paragraph 9 above was intentional.

12. The unlawful employment practice complained of in paragraph 9 above was done with malice or with reckless indifference to the federally protected rights of Rebecca Leigh DeHart, Jennifer Morris, Jana Miller, and Stacey Nelson.

## STATEMENT OF EPA CLAIMS

13. Since at least December 9, 2002, Defendant Employer violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages

to Rebecca Leigh DeHart, Jennifer Morris, Jana Miller, and Stacey Nelson, in its Ogden, Utah facility, at rates less than the rates paid to a male employee in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. During the relevant time period, Defendant Employer paid Ms. DeHart $36,000/year, Jennifer Morris $38,000/year, Jana Miller $43,800/year, and Stacey Nelson $45,000/year, and it paid Patrick Young, a male Admissions Consultant, $48,000/year.

14.   As a result of the acts complained of above in paragraph 13, Defendant Employer unlawfully has withheld and is continuing to withhold the payment of wages due to Rebecca Leigh DeHart, Jennifer Morris, Jana Miller, and Stacey Nelson.

15.   The unlawful practices complained of in paragraph 13 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.   Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from (a) engaging in gender-based disparate compensation and in any other employment practice which discriminates on the basis of sex and (b) retaliating against employees because they oppose practices made unlawful by Title VII or participate in a proceeding pursuant to Title VII.

B.   Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from (a)

discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions and (b) retaliating against employees because they oppose practices made unlawful by EPA or participate in a proceeding pursuant to the EPA.

C.      Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant Employer to make whole Rebecca Leigh DeHart, Jennifer Morris, Jana Miller, and Stacey Nelson, by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to backpay.

E.      Order Defendant Employer to make whole Rebecca Leigh DeHart, Jennifer Morris, Jana Miller, and Stacey Nelson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including emotional pain, suffering, loss of enjoyment of life, and humiliation. in amounts to be determined at trial.

F.      Order Defendant Employer to pay Jennifer Rebecca Leigh DeHart, Jennifer Morris, Jana Miller, and Stacey Nelson punitive damages for its malicious and/or reckless conduct described in paragraph 9 above, in an amount to be determined at trial.

G.   Grant a judgment requiring Defendant Employer to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Rebecca Leigh DeHart, Jennifer Morris, Jana Miller, and Stacey Nelson whose wages were being unlawfully withheld as a result of the acts complained of above in paragraph 13.

H.   Grant such further relief as this Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

>James L. Lee
>Deputy General Counsel
>
>Gwendolyn Young Reams
>Associate General Counsel
>
>EQUAL EMPLOYMENT
>OPPORTUNITY COMMISSION
>1801 L Street, N.W.
>Washington, D.C.  20507

Paul M. Warner
United States Attorney

*/s/ Patrik Bato* ANSA-for
Carlie Christensen
Civil Chief

UNITED STATES ATTORNEY
185 S. State #400
Salt Lake City, Utah 84111
(801) 325-3243
Associated Local Counsel for Plaintiff

*/s/ Mary Jo O'Neill*
Mary Jo O'Neill
Regional Attorney

*/s/ C. Emanuel Smith*
C. Emanuel Smith
Supervisory Trial Attorney

*/s/ Sandra Padegimas*
Sandra Padegimas
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
(602) 640-5061
Attorneys for Plaintiff

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Equal Employment Opportunity Commission

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mary Jo O'Neill, C. Emanuel Smith, Sandra J. Padegimas (602)640-5061
US EEOC, 3300 N. Central Ave, Ste 690; Phoenix, Arizona 85012

**DEFENDANTS**
Stevens-Henager College, Inc.

FILED
U.S. DISTRICT COURT
2005 SEP 28 P 3:55
WEBER
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 216(c) and 217, Equal Pay Act of 1963; 42 U.S.C. 2000e-5(f)(1) and (3)
Brief description of cause:
To correct unlawful payment of wages and unlawful employment practices on the basis of sex

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions): JUDGE Paul G. Cassell     DOCKET NUMBER 1:05cv00117 PGC

DATE 9/20/05
SIGNATURE OF ATTORNEY OF RECORD
Sandra Padegimas

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____

Judge Dale A. Kimball
DECK TYPE: Civil
DATE STAMP: 09/29/2005 @ 10:47:59
CASE NUMBER: 1:05CV00122 DAK